IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

SAMANTHA TANENBAUM,

    Plaintiff,

vs.

THE LITTLE CLUB, INC., a Florida
not-for-profit corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, SAMANTHA TANENBAUM, hereby sues Defendant, THE LITTLE CLUB, INC., and states as follows:

### Introduction

1. This is an action by SAMANTHA TANENBAUM against her former employer, THE LITTLE CLUB, INC., for violations of the Family Medical Leave Act of 1993. By the filing of this action, Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq*. The Court has jurisdiction over the claims pursuant to 29 U.S.C. §§ 1331, 1343(4) and 29 U.S.C. § 216(b).

3. The claim arose in Delray Beach, Palm Beach County, Florida in the West Palm Beach Division of the United States District Court for the Southern District of Florida, which is where venue is proper.

1

**Parties**

4.     Plaintiff, SAMANTHA TANENBAUM (hereafter "Plaintiff" or "TANENBAUM") is a resident of Palm Beach County, Florida, and was, at all times material, employed by Defendant as a food server.

5.     TANENBAUM was and is an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2), in that she had been employed for at least twelve months by the Defendant and worked at least 1250 hours during the 12-month period prior to when she first took FMLA-qualifying medical leave for a serious medical condition, i.e., COVID-19, beginning in or about January 14, 2021.

6.     Defendant, THE LITTLE CLUB (hereafter "Defendant" or "LITTLE CLUB") is a private members-only golf club located in Delray Beach, Florida.  LITTLE CLUB is an employer as defined by 29 U.S.C. § 2611(4)(A)(iii), which has employees subject to the provisions of the FMLA at the location where Plaintiff was employed.

**Factual Allegations**

7.     Plaintiff TANENBAUM was employed by Defendant as a food server in its restaurant, from on or about April 29, 2019, until her termination or about February 18, 2021.

8.     On November 10, 2020, in light of the increased public health and safety risks posed by the COVID-19 pandemic, the Club released a COVID-19 Protocol Policy Booklet (hereinafter "COVID-19 Policy) and distributed same to all members and employees of the Club.

9.     On January 13, 2021, Plaintiff notified Defendant that she had received a positive result to a rapid COVID-19 test administered by her other employer, Palm Beach County School

District. In response, Defendant directed Plaintiff to come to the Club to personally pick up paperwork that would allow her to receive a more accurate PCR test for COVID-19 by Access Labs.

10. Although Plaintiff reported that she was not feeling any COVID-19 symptoms during her call to Defendant on the morning of January 13, 2021, by the time she drove to the Club later that day she had started to experience flu-like symptoms, which she reported to Defendant when the testing paperwork was brought out to her car. After receiving the paperwork, Plaintiff proceeded directly to Access Labs to take the PCR test requested by Defendant.

11. At around 5:30 p.m. on January 13, 2021, Defendant was informed by Access Labs that Plaintiff had tested positive for COVID-19. In accordance with Defendant's COVID-19 policy, Plaintiff was required to quarantine at home until she tested negative for COVID-19 and was cleared to return to work by her physician and the Defendant.

12. Although Plaintiff complied with all of the requirements of Defendant's COVID-19 policy, Defendant did not give Plaintiff the opportunity to take medical leave for her COVID-19 or to return to her job following her recovery. Instead, after Plaintiff notified Defendant in early February that she had tested negative for COVID-19, Defendant informed Plaintiff on February 18, 2021 that she was being terminated because her alleged "dishonesty" about her specific COVID symptoms and her "ignorance" about Defendant's COVID policy unnecessarily put Club members and other employees at risk of contracting COVID.

13. Based on these facts and others, there are no legitimate, non-discriminatory reasons for Defendant's interference with TANENBAUM's rights under the FMLA or the retaliation to which she has been subjected for exercising her rights under the FMLA, and insufficient evidence to support even a reasonable, good-faith belief in the reasons cited for the adverse action taken against Plaintiff.

### Count I/FMLA Interference Claim

14. Plaintiff SAMANTHA TANENBAUM realleges the allegations of Paragraphs 1 through 13 above.

15. Among the substantive rights granted by the FMLA to eligible employees is the right to 12 workweeks of leave during any 12-month period for a serious health condition, 29 U.S.C. § 2612(a)(1)(c), and the right following leave to be restored by the employer to the position of employment held by the employee when the leave commenced or to an equivalent position. 29 U.S.C. § 2614(a)(1).

16. Defendant has denied and/or interfered with Plaintiff's FMLA rights by failing to timely designate her time off from work for COVID-19 as FMLA leave and then failing to restore her to her position as a food server following her return from FMLA leave.  Under 29 C.F.R. § 825.300(d)(1), Defendant was required to give Plaintiff notice of its designation of leave as FMLA-related leave within five days of acquiring knowledge that the leave qualifies as such.

17. Plaintiff has been harmed by Defendant's interference with her FMLA rights, in that she was denied FMLA leave to which she was entitled and denied reinstatement rights following her return from FMLA leave.

18. There are no legitimate reasons for Plaintiff's willful denial or and/or interference with Plaintiff's FMLA rights and none of Defendant's actions were undertaken in good faith.

19. Because Defendant failed to properly designate TANENBAUM's FMLA leave usage, and interfered with her reinstatement rights under the FMLA, it is liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment,

reinstatement, promotion, or any other relief tailored to the harm suffered. 29 C.F.R. § 825.300(d)(1) (citing 29 C.F.R. § 825.400(c)).

WHEREFORE, Plaintiff, SAMANTHA TANENBAUM, prays that this Court will:

A.  Find Defendant's actions toward TANENBAUM to be violative of her rights under the FMLA;

B.  Award TANENBAUM back and/or front pay for any lost wages resulting from Defendant's interference with Plaintiff's FMLA rights;

C.  Award TANENBAUM an equal amount as liquidated damages for Defendant's willful violations of the FMLA;

D.  Grant such other and further relief as is just; and

E.  Award Plaintiff her costs, including a reasonable attorney's fee.

## Count II/FMLA Retaliation Claim

20. Plaintiff SAMANTHA TANENBAUM realleges the allegations of Paragraphs 1 through 13 above.

21. The FMLA prohibits discrimination or retaliation against an employee for exercising her FMLA rights or for opposing any practice made unlawful by the FMLA at 29 U.S.C. § 2615(a)(1).

22. Plaintiff was engaged in statutorily protected activity under the FMLA when she advised Defendant on or about January 13, 2021 that she tested positive for COVID-19 and sought leave for her illness and required quarantine period before she returned to work.

23. As a result of Plaintiff engaging in protected activity under the FMLA, Defendant unlawfully discriminated and/or retaliated against Plaintiff in violation of 29 U.S.C. § 2615(a)(1) and (2). The retaliation against TANENBAUM included, but was not limited to, termination of

her employment for pretextual reasons during her COVID recovery and quarantine period FMLA.

24. There are no legitimate non-discriminatory or non-retaliatory reasons for Defendant's adverse treatment of Plaintiff after she took FMLA-qualifying leave for her COVID recovery and quarantine period.

WHEREFORE, Plaintiff, SAMANTHA TANENBAUM, prays that this Court will:

A. Find Defendant's actions toward TANENBAUM to be violative of her rights under the FMLA;

B. Award TANENBAUM payment of all back wages and lost benefits found by the Court to be due under the FMLA;

C. Award TANENBAUM an additional equal amount of back and front pay as liquidated damages for Defendant's willful violations of the FMLA;

D. Grant such other and further relief as is just; and

E. Award Plaintiff her costs, including a reasonable attorney's fee.

Respectfully submitted,

*Christopher C. Sharp*
Christopher C. Sharp, Esq.
Fla. Bar No. 996858
E-Mail: csharplaw@aol.com
Secondary Email: chris@csharplawfirm.com
SHARP LAW FIRM, P.A.
1600 West State Road 84, Suite C
Fort Lauderdale, Florida 33441
Telephone: (954) 909-4246
Facsimile: (954) 827-8028

Dated: April 12, 2022            Counsel for Plaintiff SAMANTHA TANENBAUM